## GREEN v. COMMERCIAL BANK & TRUST CO.

(District Court, D. Wyoming. January 19, 1922.)

No. 1193.

1. **Pleading ⚙⇒126—Answer held to state a "negative pregnant."**

In an action against a trust company on a deposit certificate, the answer admitting the certificate's execution, and defendant admitting deposit of the money by motion and affidavit for interpleader, and a portion of the answer denying that plaintiff delivered or deposited the money *held* evasive and to contain a "negative pregnant," which is such a form of negative expression as may imply or carry within it an affirmative.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negative Pregnant.]

2. **Banks and banking ⚙⇒315(3)—Defendant trust company cannot plead fraud as against another party only and its interest in a matter ultra vires the corporation.**

In an action against a trust company on a certificate of deposit, the defendant should not be allowed to answer, alleging a fraud not directly perpetrated on the defendant, but on a third party, and that it was financially interested in the matter, which was ultra vires the corporation.

At Law. Action by George W. F. Green against the Commercial Bank & Trust Company. On plaintiff's motion to strike portions of defendant's answer and for judgment on the pleadings. Motion granted.

Henry T. Rogers, Lewis B. Johnson, Pierpont Fuller, Erl H. Ellis, and Frank A. Kemp, Jr., all of Denver, Colo., for plaintiff.

W. H. Taylor, of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge. The above cause comes before the court upon motion of the plaintiff to strike portions of defendant's answer, and for judgment upon the pleadings. The action is one at law to recover upon a certificate of deposit in the amount of $10,000, issued by the defendant, through its cashier, payable to the order of the plaintiff in current funds, with a certain rate of interest after six months from its date. The certificate is the ordinary bank certificate of deposit drawing interest, and need not be set forth in detail.

The petition alleges the deposit of the money and the execution and delivery of the certificate; that after maturity, upon proper indorsement, the certificate of deposit was presented for payment in the regular course to the defendant, and payment refused by defendant. Before answer, the defendant interposed a motion for interpleader, supported by affidavit of defendant bank and trust company, by which it was made to appear that the money represented by the certificate of deposit was claimed by a third party, namely, the Lance Creek Royalties Company, and moved the court that that company be required to interplead, that the rights of all claimants to the money might be adjudicated by the court. The motion for interpleader was heard by Judge Riner and overruled.

The defendant thereupon filed its answer, which, for the purposes of disposing of this motion, may be briefly described in the following man-

ner: The defendant denied that on or about the date of the certificate the sum designated thereon was delivered to or deposited with the defendant by or for the plaintiff. Defendant admits that the certificate in controversy was executed by the defendant to the plaintiff. Then appears in the answer an attempted defense, in which it is alleged that the certificate of deposit was secured by misrepresentation and fraud, in that the plaintiff conspired with other named persons in connection with a contract involving certain oil properties with the Lance Creek Royalties Company; that upon consideration of this misrepresentation and fraud, and no other, said certificate was issued; that the defendant was financially interested in the matter of the representations in connection with the contract covering said oil properties, and relying upon said representations said certificate was issued; that the consideration for the said certificate of deposit entirely failed; that the plaintiff should not be entitled to recover; and that by reason of the allegations as briefly outlined above the defendant had been damaged, and seeks a recovery of $15,000.

The motion before the court seeks to strike out paragraph 4 of the answer, upon the ground that said paragraph is not a sufficient denial in law, is evasive, frivolous, and irrelevant, and is shown to be false and a sham by the sworn statements of the defendant set forth in its motion and affidavit for interpleader. It is especially contended by plaintiff that the defense is simply a negative pregnant, and should be treated by the court as an admission of the implied fact.

[1] As before stated, the answer admits the execution of the certificate, and the motion and affidavit for interpleader admits the deposit of the money for which the certificate was issued. The portion of the answer now challenged denies that the money was delivered or deposited by or for the plaintiff, which is clearly, in the opinion of the court, evasive, and comes within the classification of a pleading denominated as a negative pregnant. Such a pleading has been defined as "such a form of negative expression as may imply or carry within it an affirmative." In the case of Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552, the court, in speaking of a pleading thus classified, says:

"The denial of this charge was a mere negative pregnant, amounting only to a denial of the attending circumstances and legal consequences ascribed to the act."

This language fairly well describes the import of defendant's denial in the fourth paragraph of its answer. Such would be clearly true, at least, taking it in connection with other affirmative allegations of the answer.

[2] In those affirmative allegations hereinbefore briefly described, the defendant has attempted to base a defense to the action upon the certificate upon an alleged conspiracy between the plaintiff and certain other persons and a third party, who is not a party to this action. By the allegations of the answer the fraud alleged was not directly perpetrated upon the defendant but upon the third party. In addition is the allegation that the defendant was financially interested in the matter concerning which the representations, alleged to amount to a fraud,

were made. As to how a banking concern or a trust company could be financially interested in any contract concerning oil operations between two parties other than itself, this court cannot understand, nor has it been satisfactorily explained by counsel. Clearly any such financial interest would not only be ultra vires, but would be in violation of the banking laws of our state. If the defendant bank has permitted itself to be used through its officers in putting through private deals concerning oil operations, in issuing its certificates of deposit without a deposit of moneys as required by the banking laws, it is a situation which should not only be discouraged but frowned upon by the courts.

Moreover, it would establish a dangerous precedent to encourage a bank in repudiating its own solemn, written obligations for the purpose of defending the quarrels of its depositors and patrons. With paragraph 4 of the answer and affirmative allegations stricken from the pleadings, it leaves no defense, and the motion for judgment should obtain.

For the reasons stated, the motion will be granted, striking out the objectionable features referred to in the motion, and awarding judgment to the plaintiff as prayed in the petition, to which the defendant may have an exception.